**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS E. BENAVIDES, | No. 13-73545 |
| Petitioner, | Agency No. A094-147-798 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2015[**]

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Carlos E. Benavides, a native and citizen of El Salvador, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") denial of his application for special rule cancellation of

removal under the Nicaraguan Adjustment and Central American Relief Act. Our

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence determinations regarding good moral character. *Urzua Covarrubias v. Gonzales*, 487 F.3d 742, 747 (9th Cir. 2007). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Benavides gave false testimony regarding his participation in Alcoholics Anonymous for the purpose of obtaining a favorable exercise of discretion and is therefore statutorily precluded from demonstrating good moral character under 8 U.S.C. § 1101(f)(6). *See Ramos v. INS*, 246 F.3d 1264, 1266 (9th Cir. 2001). Benavides's claim that the agency failed to consider the cumulative effect of the testimony is not supported by the record.

The agency's determination that Benavides did not timely recant is also supported by substantial evidence, where Benavides failed to attempt to correct his previous testimony until after he was confronted by the IJ and government counsel. *See Valadez-Munoz v. Holder*, 623 F.3d 1304, 1310 (9th Cir. 2010) (where an applicant made the retraction only after being confronted with evidence of his misrepresentation, the applicant cannot take advantage of the timely recantation doctrine). Contrary to Benavides's contention, the BIA applied the correct standard regarding recantation.

13-73545

We lack jurisdiction to consider Benavides's contention that his admissions should have been excluded because of the form of the questions asked by his prior counsel. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**